YAPP CORPORATION, FORMERLY SPRAY RITE SERVICE CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Yapp Corp. v. Commissioner
Docket No. 2064-90
United States Tax Court
T.C. Memo 1992-348; 1992 Tax Ct. Memo LEXIS 371; 63 T.C.M. (CCH) 3155; June 18, 1992, Filed *371 Decision will be entered under Rule 155. Cary B. Edgar, for petitioner. William T. Derick, for respondent. FAY
FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $ 1,738,691 in petitioner's Federal income tax for the year ended December 31, 1984. After concessions by the parties, the only remaining issue for decision is whether, under the accrual method of accounting, State income and replacement tax refunds attributable to net operating loss (NOL) carrybacks should be included in petitioner's gross income in either: (1) The year of the loss which gave rise to the respective refund, or (2) in the year the State revenue department reviews and concludes that petitioner is entitled to such a refund. For reasons discussed below, we find that petitioner need not include State income and replacement tax refunds until the right to those refunds is ultimately determined. This case was submitted fully stipulated at a trial session of this Court at Chicago, Illinois. The stipulation of facts and exhibits are incorporated herein by this reference. Rockford, Illinois, was the principal place of business of petitioner at the time the petition was filed with this *372 Court. Petitioner is a corporation that used a hybrid method of accounting to compute its taxable income on a calendar year basis for the taxable years 1984 through 1987. The accrual method of accounting was used for income and deductions pertaining to State income and replacement taxes; the cash method of accounting was used for most other items. In 1985 petitioner filed a 1984 Corporation & Replacement Income Tax Return (State return) with the Illinois Department of Revenue (Department) reflecting a liability of $ 561,006. [1] Petitioner also filed a 1984 U.S. Corporation Income Tax Return in 1985 in which the accrued State tax liability was claimed as a deduction. Petitioner sustained a loss for each of the next 3 years, 1985 through *373 1987. For each loss year, petitioner filed an amended 1984 State return carrying the loss back and recovering some of the State tax paid in 1984 in accordance with State law. [2]
1985 NOL
On August 1, 1986, based on an NOL carryback from 1985, petitioner filed a 1984 amended State return with the Department requesting a refund in the amount of $ 117,613. During petitioner's taxable year ended December 31, 1986, petitioner received a $ 103,020 refund of Illinois *374 corporate income and replacement tax attributable to the claim it filed for $ 117,613 on August 1, 1986. Petitioner included this refund in its Federal gross income for its taxable year ended December 31, 1986. 1986 NOL
On July 23, 1987, based on an NOL carryback from its taxable year ended December 31, 1986, petitioner filed a second 1984 amended State return with the Department, requesting a refund in the amount of $ 158,000. Petitioner received a notice from the Department dated December 4, 1987, concerning petitioner's claim filed on July 23, 1987, which included the following handwritten statement: We are unable to process your claim with the information submitted. It appears that you are taking your federal loss for 1986 and an Illinois loss for 1985. Please submit an explanation. Attached is an IL-1120X-PY which is the correct form to be used. If you are carryingback your 1986 loss you must do so on a separate return basis since combined (Illinois) filing was unacceptable in 1984. You cannot carryback your 1985 loss as consolidated filers are not allowed to carryback NOL's prior to 12/31/86 for Illinois purposes. On January 15, 1988, petitioner resubmitted *375 its claim in conformance with Department rules attributable to the NOL from its taxable year ended December 31, 1986, on a 1984 amended State return requesting a refund in the amount of $ 157,948. During its taxable year ended December 31, 1989, petitioner received a $ 161,530 refund of Illinois corporate income and replacement tax which was attributable to the claim petitioner filed on July 23, 1987, and refiled for $ 157,948 on January 15, 1988. Petitioner included this refund in its Federal gross income for the taxable year ended December 31, 1989. 1987 NOL
On November 14, 1988, based on an NOL carryback from 1987, petitioner filed a third 1984 amended State return with the Department requesting a refund in the amount of $ 393,781. During its taxable year ended December 31, 1990, petitioner received a $ 235,830 refund of Illinois corporate income and replacement tax which was attributable to the claim petitioner filed on November 14, 1988. Petitioner included this refund in its Federal gross income for the taxable year ended December 31, 1990. Section 909(e) of the Illinois Income Tax Act provides in relevant part as follows: As soon as practicable after a claim for *376 refund is filed, the Department shall examine it and either issue a notice of refund, abatement or credit to the claimant or issue a notice of denial. If the Department has failed to approve or deny the claim before the expiration of 6 months from the date the claim was filed, the claimant may nevertheless thereafter file with the Department a written protest in such form as the Department may by regulation prescribe. If a protest is filed, the Department shall consider the claim and, if the taxpayer has so requested, shall grant the taxpayer or the taxpayer's authorized representative a hearing within 6 months after the date such request is filed. See Ill. Ann. Stat. ch. 120, par. 9-909(e) (Smith-Hurd 1983). The parties do not dispute that State income tax refunds, previously deducted, are taxable for Federal income tax purposes. The question before us is the timing of the inclusion in petitioner's income of each refund. The resolution of when petitioner is required to include refunds of State taxes in its Federal gross income is governed by section 1.451-1(a), Income Tax Regs., which provides: Under an accrual method of accounting, income is includible in gross income *377 when all the events have occurred which fix the right to receive such income and the amount thereof can be determined with reasonable accuracy. * * * Section 909(e) of the Illinois Income Tax Act gives the Department the right to examine and deny a claim for a refund of the Illinois corporate income and replacement tax. This Court has previously held that where a State or local taxing authority has the right to deny all or a portion of a refund claim, the refund is not includable in Federal gross income until the State or local authority ultimately determines that the taxpayer has a right to such refund. [3] See Doyle, Dane, Bernbach, Inc. v. Commissioner, 79 T.C. 101 (1982). *378 This case involves essentially the same circumstances as Doyle, Dane. As in the case before us, Doyle, Dane involved a taxpayer whose right to refund of State income taxes was subject to approval by State taxing authorities. The taxpayer in Doyle, Dane argued successfully that, because the taxpayer's State refund could have been disallowed in whole or in part as a result of an examination by the State authorities, all events fixing the right to such refund had not occurred and furthermore that the amount refunded could not be determined with reasonable accuracy. This Court, agreeing, held that the taxpayer, an accrual basis taxpayer, need not include in income refunds of State and local taxes "until the year the right to those refunds is ultimately determined." Doyle, Dane, Bernbach, Inc. v. Commissioner, supra at 107. Respondent urges this Court to reverse its decision in Doyle, Dane, contending that the examination performed by the Department was essentially ministerial and that all the remaining events that fixed petitioner's right to the refunds occurred during the taxable year of the loss. Continental Tie & L. Co. v. United States, 286 U.S. 290, 295 (1932). *379 We disagree. The record before us does not support a finding that the examinations performed by the Department were ministerial. To the contrary, it appears the Department actively exercised its right to examine petitioner's refund claims. Petitioner's claim filed on July 23, 1987, with respect to its NOL carryback from the taxable year ended December 31, 1986, was rejected by the Department for failure to comply with rules under the Illinois Income Tax Act. Petitioner's refund claim was granted only upon later resubmission to the Department. Furthermore, the amounts claimed by petitioner on all three refund claims differed from the amounts that were ultimately refunded by the Department. These facts demonstrate that the Department, insofar as the case before us, not only had the right to examine each refund claim, but also exercised that right. Accordingly, refunds of previously paid State taxes for the taxable year ended December 31, 1984, attributable to NOL carrybacks from the taxable years ended December 31, 1985, 1986, and 1987, are includable in petitioner's gross income when the Department determined that petitioner had a right to each such refund. [4]Doyle, Dane, Bernbach, Inc. v. Commissioner, supra. *380 Decision will be entered under Rule 155. Footnotes
1. The computation of petitioner's 1984 Illinois corporation and replacement income tax was based on Federal taxable income as reported on petitioner's U.S. Corporation Income Tax Return, Form 1120. Petitioner reported $ 7,852,161 as taxable income for 1984 on Form 1120, line 30.↩
2. The Illinois Income Tax Act did not specifically provide for a taxpayer to carry back an NOL to recover previously paid taxes. However, sec. 506 of the Illinois Income Tax Act did require a taxpayer to file an amended return if the tax liability reported on the taxpayer's Federal income tax return was altered. See Ill. Ann. Stat. ch. 120, par. 5-506(b) (Smith-Hurd 1983). Thus, if an NOL was carried back to reduce Federal taxable income under sec. 172, I.R.C.↩, the taxpayer was required to file an amended State return to reflect the reduction of income.
3. In Masonite Corp. v. Fly, 7 AFTR 2d 1146↩, 61-1 USTC par. 9355, (S.D. Miss. 1961), the District Court likewise held that an accrual method taxpayer did not have to include in Federal taxable income a refund of Mississippi income taxes until the Mississippi attorney general, who had the ultimate discretion to approve a refund claim, actually approved such claim.
4. In so holding, we note that our jurisdiction is limited to a redetermination of the correct amount of the deficiency, if any, for the year before us, i.e., 1984. Our holding as to which years petitioner must include State refunds in income is relevant to the determination of petitioner's 1984 income tax liability because such refunds decrease the amount of NOL that petitioner can carry back to 1984. Sec. 6214(b), I.R.C., grants us authority to consider facts outside of the years at issue only insofar as these facts may be necessary to correctly redetermine the amount of the deficiency before us. Therefore, we express no opinion as to petitioner's tax liability for any year other than 1984. LTV Corp. v. Commissioner, 64 T.C. 589↩ (1975).